# United States Court of Appeals
## For the First Circuit

No. 02-1923

RAÚL RIVERA-APONTE, ET AL.,

Plaintiff, Appellant,

v.

RESTAURANT METROPOL #3, INC.
d/b/a RESTAURANT METROPOL,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Selya and Lipez,
Circuit Judges.

William Santiago-Sastre, with whom Meléndez, Pérez, Morán &
Santiago, LLP were on brief, for appellants.
    Guillermo J. Ramos-Luiña, with whom Rivera, Tulla & Ferrer,
were on brief, for appellee.

July 28, 2003

**TORRUELLA, Circuit Judge**. Appellant Raúl Rivera Aponte[1] ("Rivera") challenges the district court's entry of summary judgment in favor of his former employer, appellee Restaurant Metropol #3, Inc. ("Metropol"), on Rivera's age discrimination claim. We find that Rivera has failed to demonstrate a trial worthy issue of discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and affirm the district court's decision.

## I.  Standard of Review

We review the district court's grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party, and granting all reasonable inferences in his favor. Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2003). A "genuine issue" as to a "material fact" must be supported by "such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (quotation omitted). We will affirm the district

---

[1]  Additional appellants are Rivera's wife and children.

court's grant of summary judgment in favor of the employer unless there is "evidence sufficient for a factfinder to reasonably conclude that [the employer's] decision to terminate was driven by a discriminatory animus." Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 673 (1st Cir. 1996). Finally, we may affirm the decision on any grounds apparent in the record. Rosenberg, 328 F.3d at 17.

## II. Background

Before Metropol opened on June 29, 1998, Rivera and Alberto Nogueras, a busboy at the restaurant, had an altercation, during which Rivera threw or accidentally dropped a tray full of drinking glasses on Nogueras. Nogueras was cut by the glasses and received twelve stitches at the hospital. The manager of the restaurant interviewed employees regarding the incident; after determining that Rivera was the aggressor, the manager fired Rivera later that day.

At the time of his discharge, Rivera was fifty-five years old and had been a waiter at Metropol for eight or nine years.

Rivera filed suit in June 1999, alleging age discrimination under the ADEA and similar Puerto Rican statutes. On June 3, 2002, the district court granted summary judgment for Metropol on the federal ADEA claim, and dismissed Rivera's commonwealth claims without prejudice. This appeal of the ADEA claim followed.

### III.  Discussion

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1) (2003).  In an ADEA wrongful discharge case, the plaintiff must prove that he would not have been fired but for his age.  Serrano-Cruz v. DFI P.R., Inc., 109 F.3d 23, 25 (1st Cir. 1997).  Where, as here, there is no evidence of direct discrimination, the familiar McDonnell Douglas burden-shifting framework governs.  Id.; see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).

A plaintiff makes a prima facie case of discrimination under McDonnell Douglas by showing that (1) he was at least forty years old; (2) he met the employer's legitimate job expectations; (3) he was fired; and (4) the employer did not treat age neutrally.  Pages-Cahue v. Iberia Líneas Aéreas de España, 82 F.3d 533, 536 (1st Cir. 1996).  The fourth element requires the plaintiff to produce "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion."  O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (quotation omitted).

The initial prima facie case is not burdensome and raises a rebuttable presumption of unlawful discrimination.  Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1st Cir. 1995).  The burden then shifts to the defendant to articulate a legitimate, non-

-4-

discriminatory reason for the adverse employment action. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). If the employer makes this showing, the presumption of discrimination disappears, and the burden shifts back to the employee. Id. The plaintiff must then show, without resort to the presumption created by the prima facie case, that the employer's explanation is a pretext for age discrimination. Id.

## A. Legitimate, Non-discriminatory Reason

We assume arguendo that Rivera can establish a prima facie case. Metropol offers a legitimate, non-discriminatory reason for discharging Rivera: Rivera assaulted and injured another employee while at work. Rivera had received a copy of Metropol's employment manual, which warns that an employee's attack, aggression, assault, or threat of aggression against a supervisor or fellow employee justifies Metropol's immediate termination of that employee. Rivera's behavior violated Metropol's rules of conduct, and the restaurant took swift disciplinary action. The restaurant has met its burden of production and the ultimate burden now rests with Rivera to prove his discharge was motivated by discriminatory animus. See Mesnick, 950 F.2d at 823.

## B. Evidence of Discrimination

Now that the burden has shifted back to Rivera, he must come forward with sufficient evidence to permit a reasonable fact-finder to conclude that his employer's stated reason for discharge

was a pretext for age discrimination. After considering his arguments and reviewing the record, we find that he has not shown that a genuine issue exists as to the reason for his termination.

First, Rivera asserts that the pre-termination investigation was cursory -- evidenced by the fact that Rivera was never allowed to explain his side of the story -- and therefore Metropol's reason for terminating him was pretextual. Metropol responds that it determined, based on one interview and Nogueras' actual (and undisputed) injuries, that Rivera was the aggressor, and it sought to take swift action to deter further workplace violence. Whether a termination decision was wise or done in haste is irrelevant, so long as the decision was not made with discriminatory animus. Gray v. New Eng. Tel. & Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986). Rivera's bare assertion that Metropol's reason for terminating him was pretext is insufficient: the restaurant's reason was compelling, and our thorough review of the record reveals that Rivera lacks any evidence that the real reason for his termination was age discrimination. See Ruiz v. Posadas de San Juan Assocs., 124 F.3d 243, 248 (1st Cir. 1997) ("[Plaintiff] must do more than cast doubt on the rationale proffered by the employer, . . . the evidence must be of such strength and quality as to permit a reasonable finding that the termination was obviously or manifestly unsupported.").

Second, Rivera contends Metropol discriminated against older workers, sometimes referring to employees as "imbéciles" or "corpses." Such "stray workplace remarks" are generally insufficient, standing on their own, to establish discriminatory animus. González v. El Día, Inc., 304 F.3d 63, 69 (1st Cir. 2002). Rivera does not specify who made these comments, when they were made, or to whom they were directed. The lack of a direct connection between the words and the employment action significantly weakens their probative value. Schuster v. Lucent Techs., Inc., 327 F.3d 569, 576 (7th Cir. 2003). Given Metropol's compelling stated reason for Rivera's termination, these stray remarks do not permit the inference that the real reason for Rivera's termination was age discrimination. See Williams v. Raytheon Co., 220 F.3d 16, 20 (1st Cir. 2000).

Rivera also offers the affidavit of a former employee who worked at Metropol for three years, beginning at age sixty, then left and later sought re-employment at age sixty-three or sixty-four. The owner told him "we are too old for this," and he was not rehired. We do not think this evidence reveals age-based animus. The owner's statement uses "we," which is different than saying "you are too old for the job;" such ambiguity weakens Rivera's claim that the statement reveals age animus. See González, 304 F.3d at 70. Also, the fact the employee was hired for the first time at age sixty demonstrates Metropol's willingness to have older

employees on its staff. Metropol introduced evidence that more than two-thirds of its male employees are over forty-five. This is not the hallmark of an employer who discriminates against older workers.

Finally, Rivera alleges that other employees were involved in altercations at work but not fired. Metropol counters that some of those incidents were unknown to supervisors, and none of the other incidents resulted in personal injuries requiring medical treatment. After reviewing the record, we agree that the incidents proffered by Rivera are of a significantly less severe nature (a few punches without injury exchanged in one incident, obscene words and shoving in another, and a piece of silverware thrown in a third); therefore, these examples fail to show disparate treatment. See Rodríguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999) ("[A] claim of disparate treatment based on comparative evidence must rest on proof that the proposed analogue is similarly situated in all material respects.") (quotation omitted).

## IV. Conclusion

After reviewing the record, we find that Rivera has failed to demonstrate sufficient evidence to permit a reasonable fact-finder to conclude that his termination was a pretext for age discrimination. The district court's decision is affirmed.

**Affirmed**.