Arlene GILBERT, Plaintiff,

v.

AMERIFEE, L.L.C., Defendant.

No. CIV.A. 03–11252–NMG.

United States District Court,
D. Massachusetts.

Nov. 9, 2004.

Sandra E. Kahn, Morse, Barnes–Brown & Pendleton, P.C., Waltham, MA, for Amerifee L.L.C., Defendant.

William G. Rehrey, Boston, MA, for Arlene Gilbert, Plaintiff.

Robert M. Shea, Morse, Barnes–Brown & Pendleton, P.C., Waltham, MA, for Amerifee L.L.C., Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

In the present dispute, Plaintiff, Arlene Gilbert ("Gilbert") alleges that her former employer, Amerifee, L.L.C. ("Amerifee"), violated the Age Discrimination in Em-

ployment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by terminating her employment for reasons related to her age and her involvement in another employee's age discrimination law suit. Amerifee now moves for summary judgment on all Counts.

## I. Background

The following facts are taken from Defendant's Concise Statement of Material Facts (Docket No. 17), Defendant's memorandum in support of its Motion for Summary Judgment (Docket. No 18) and Plaintiff's opposition thereto (Docket. No 21).

On July 10, 2000, Gilbert began working for Amerifee as a "customer care representative," answering telephone calls from customers. It is alleged that during the fall of 2001, Gilbert was repeatedly called a "nazi" by co-worker David Kramer ("Kramer"). Gilbert reported that conduct to her supervisor, Michael Pace ("Pace") who in response, moved Gilbert's workstation away from Kramer.

On November 2, 2001, Gilbert informed Pace that she was a potential participant in an age-discrimination lawsuit brought by co-worker Barbara White ("White") against Amerifee. Pace took no action and the matter was not discussed again.

On March 11, 2002, Gilbert received a telephone call from a Spanish-speaking customer and she decided to transfer it to Violet Hinojosa ("Hinojosa"), an employee who is fluent in Spanish. Gilbert put the customer on hold and walked over to Hinojosa's desk but before Hinojosa could take the call, her own phone began to ring. Gilbert disconnected Hinojosa's incoming call much to the distress of Hinojosa who feared that management would believe she had hung up on a customer. Hinjosa reported the incident to Pamela Yaylaian ("Yaylaian"), Senior Manager of the Call Center, who, in turn, consulted with Laura Anderson ("Anderson"), Human Resources Manager of Amerifee.

Yaylaian and Anderson met with Gilbert who admitted that she had disconnected the customer. Another witness verified that Gilbert had done so and, a few days later, Gilbert was fired.

Gilbert filed suit against Amerifee on July 2, 2003, alleging 1) unlawful age discrimination under the ADEA and 2) unlawful retaliatory termination based upon her complaint about Kramer's conduct and her involvement in White's lawsuit, in violation of the Civil Rights Act of 1964.

Amerifee now moves for summary judgment on both counts and contends that Plaintiff has offered no evidence that her termination was motivated by age or that there is any causal nexus between her termination, on the one hand, and the reporting of Kramer's conduct or her involvement in White's lawsuit on the other hand.

## II. Legal Analysis

### A. Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991)(quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## B. Age Discrimination Claim

■ Under the ADEA, an employer must not:

discharge ... or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1); *Gonzalez v. El Dia, Inc.,* 304 F.3d 63, 68 (1st Cir.2002).

A plaintiff bringing suit under that provision must prove that she would not have been terminated but for her age. *Rivera–Aponte v. Restaurant Metropol # 3, Inc.,* 338 F.3d 9, 10 (1st Cir.2003). Where, as here, there is no evidence of direct discrimination, the *McDonnell Douglas* burden-shifting framework applies. *Id.* (citing *McDonnell Douglas Corp. v. Green,*

411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

Under that framework, a plaintiff initially must prove a prime facie case of age discrimination, the elements of which are that 1) she was at least 40 years old, 2) she met the employer's legitimate job expectations, 3) she was fired and 4) the employer did not treat age neutrally. *Id.; Pages–Cahue v. Iberia Líneas Aéreas de España,* 82 F.3d 533, 536 (1st Cir.1996). Once a plaintiff offers proof of those elements, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Rivera–Aponte,* 338 F.3d at 10; *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 823 (1st Cir.1991). If the employer makes that showing, the burden shifts back to the employee to show that the employer's explanation is a pretext for age discrimination. *Rivera–Aponte,* 338 F.3d at 10.

■ Here, Gilbert has not met her initial burden of stating a prime facie case because she has offered no credible evidence that Amerifee did not treat age neutrally. In her opposition memorandum, Plaintiff argues that there exists a genuine issue of material fact as to whether the March 11, 2002 incident was a legitimate cause for her termination but she does not even suggest that the true reason for the termination was her age. Her failure to offer any proof that Amerifee did not act neutrally with respect to age is fatal to her claim. *Rodrigeuz–Cuervos v. Wal-Mart Stores, Inc.,* 181 F.3d 15, 19 (1st Cir.1999) ("plaintiff must prove not only that the reason articulated by the employer was a sham, but also that its true reason was plaintiff's [age]")

Furthermore, Defendant offers contradictory evidence that several younger employees (in their '20s) were terminated under circumstances similar to those of Gilbert. Thus, Plaintiff has failed to offer

proof of the fourth element of her prime facie case and summary judgment is warranted in favor of the Defendant.

## C. Retaliation Claim

Pursuant to 42 U.S.C. § 2000e–3(a), an employer must not "discriminate against any [employee] because [that employee] has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this title." The *McDonnell Douglas* burden-shifting framework, described above, also governs a plaintiff's claim under that provision.

To establish a prime facie case, plaintiff must show that 1) she engaged in "protected conduct", 2) she suffered an adverse employment action and 3) the adverse action was causally connected to the protected conduct. *Dressler v. Daniel*, 315 F.3d 75, 78 (1st Cir.2003). Here, Gilbert engaged in two allegedly protected activities when she reported harassment by Kramer to her supervisor and when she supported and assisted White in the latter's age discrimination claims. 42 U.S.C. § 2000e–3(a).[1] It is also undisputed that Gilbert suffered an adverse employment action (i.e. she was fired). Thus, the proper inquiry concerns whether either or both of those protected activities bore a causal connection to her termination. *See Dressler*, 315 F.3d at 78.

The only evidence of causation that Gilbert offers is the fact that the termination occurred (chronologically) after she engaged in the protected conduct. Gilbert engaged in both of the protected activities at issue, however, at least four months prior to her termination and the Supreme Court has held that mere temporal proximity is insufficient evidence of casualty unless that proximity is "very close" in time. *Clark County School District v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). A four-month delay is too long to sustain an inference of causality. *Id.; Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir.1997)(3–month period too long); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (7th Cir. 1992)(4–month period too long). Accordingly, in the absence of any other credible evidence of a causal nexus between the protected conduct and her termination, Plaintiff has failed to meet her burden and the Defendant is entitled to summary judgment.

## ORDER

In accordance with the foregoing, Defendant's motion for summary judgment (Docket No. 16) is ALLOWED. Defendant has requested oral argument but, under the circumstances, that request is DENIED.

So ordered.

---

1. This Court assumes, arguendo, that those activities satisfy prong one of the test.