Chouinard v. Corrections          CV-02-594-JD  01/06/05

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Karyn Chouinard

        v.                              Civil No. 02-594-JD
                                        Opinion No. 2005 DNH 001
New Hampshire Department
of Corrections


                              O R D E R


     Karyn Chouinard, proceeding pro se, brings a claim pursuant

to the Age Discrimination in Employment Act ("ADEA"), against the

New Hampshire Department of Corrections ("DOC").  She contends

that the DOC failed to promote her to the position of parole and

probation officer because of her age.  The DOC moves for summary

judgment, and Chouinard objects.


                         Standard of Review

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The party seeking summary judgment must first demonstrate

the absence of a genuine issue of material fact in the record.

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party

opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

## Background

The DOC hired Karyn Chouinard as a corrections officer trainee in April of 1984. At the end of the probationary period, Chouinard became a corrections officer assigned to the men's prison in Concord. She received positive job evaluations and moved to the women's prison in 1989. At the same time, Chouinard was considered for promotion to corporal. As part of the promotion process, Chouinard appeared before an oral interview board in August of 1989 and earned an average score of 29.7 out of a possible 35 points. She was promoted to corporal and continued to work at the women's prison, receiving positive job evaluations.

In 1992, Chouinard transferred back to the men's prison and worked as a corrections officer in the minimum security unit. Later in 1992, she applied for the position of sergeant mentor. She appeared before an oral board that was considering her application in mid-November. Her average oral board score was

2

30.5. She was selected for the sergeant mentor position and began work in that capacity at the Lakes Region Facility in January of 1993. She received positive job evaluations in that position. In July of 1998, Chouinard transferred back to the men's prison in Concord and continued to work as a sergeant mentor there.

Chouinard applied for promotion to the position of parole and probation officer in February of 2000, when she was forty-two years old. Her application, which indicated a "B.S." degree, was accepted on February 28, 2000. That position required a bachelor's degree. In March, the DOC was notified that Chouinard had completed all of the requirements for a bachelor of science degree from the College of Lifelong Learning, and that she would receive her degree in June of 2000.

On April 7, 2000, Chouinard appeared before an oral board, composed of three members, who evaluated her for the position of parole and probation officer. She scored 39.33 points out of a possible 50 points in the oral interview process and 43 points on the factors score, which is heavily weighted in favor of seniority. In general, the applicant with the highest oral board score is offered the position. Although Chouinard had the highest overall score, two other candidates received higher oral scores, and one of those candidates, Karen Tremblay, was offered

the position.  In recommending Tremblay, the board's memorandum noted her excellent interview, her master's degree in social work, her previous work experience, and her demonstrated writing skills.  Tremblay was thirty years old when she was hired for the position.

Chouinard continued working for the DOC as a sergeant mentor and received generally positive job evaluations.  She also continued to apply for promotion to the position of parole and probation officer.  She was not selected for any of the openings.  On December 27, 2002, Chouinard filed suit against the DOC, alleging that the DOC discriminated against her based on her age in the hiring for the parole and probation officer position.

## Discussion

The DOC moves for summary judgment, asserting that Chouinard cannot make a prima facie case of discrimination, and, alternatively, that the DOC's decisions were made for legitimate reasons.  Chouinard contends that she can establish a prima facie case and that the DOC's asserted reasons for not promoting her are a pretext for discrimination.  She argues that summary judgment is not appropriate.[1]

_____

[1]Chouinard raises issues that arose in discovery to undermine the Warden's credibility.  Although the parties'

4

The ADEA makes it unlawful for an employer to take an adverse employment action against an employee based on the employee's age. Estades-Negroni v. Assocs. Corp. of North Am., 377 F.3d 62, 63 (1st Cir. 2004). When considering a motion for summary judgment in a case alleging disparate treatment due to age without direct evidence of discrimination, the court first considers whether the plaintiff can establish a prima facie case under the McDonnell Douglas test. See Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003) (citing McDonnell Douglas, Corp. v. Green, 411 U.S. 792, 802-05 (1973)); Currier v. United Techs. Corp., 2004 WL 2955259, at *6 (1st Cir. Dec. 22, 2004); Rivera-Aponte v. Restaurant Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003). A prima facie case is made if the plaintiff shows that she was at least forty years old, she was qualified for an open position for which she applied, she was not promoted to that position, and someone else with similar qualifications was hired for the position. De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004); Rathbun v. Autozone, Inc., 361 F.3d 62, 71 (1st Cir. 2004).

If the prima facie case is made, the defendant must come

discovery process was hotly contested, those matters are not pertinent to the merits of Chouinard's case for purposes of summary judgment.

forward with a legitimate, non-discriminatory reason for its decision. Raytheon, 540 U.S. at 50. Then, "the inference of discrimination disappears and the plaintiff is required to show that the employer's stated reason is a pretext for discrimination." Kosereis v. Rhode Island, 331 F.3d 207, 212 (1st Cir. 2003). The showing necessary to establish a prima facie case of discrimination is not burdensome. Rivera-Aponte, 338 F.3d at 11. The more difficult question in most discrimination cases is whether the employer's proferred reason for its decision is a pretext for discrimination. Candelario Ramos v. Baxter Healthcare Corp. of P.R., Inc., 360 F.3d 53, 56 (1st Cir. 2004).

Although the DOC disputes the issue, the court will assume that Chouinard can make a prima facie case of discrimination. Therefore, the analysis moves to the question of whether the DOC's explanations for its decisions not to hire Chouinard for a position as a parole and probation officer are pretext for an underlying discriminatory purpose.

The DOC explains that Chouinard was not offered the first parole and probation officer position, in April of 2000, because Karen Tremblay, the successful applicant, was more qualified. Tremblay had a master's degree in social work while Chouinard had not yet been awarded her bachelor's degree. In addition,

6

Tremblay provided an outstanding writing sample and had relevant work experience.[2] The DOC also points out that because Chouinard would not have been qualified for the position until she received her degree in June, while Tremblay was qualified in April, Chouinard could not have started in the position as soon as Tremblay could.

Chouinard argues that the DOC's reason is pretextual because she had completed the requirements for her degree and had a higher factor score, due to her seniority, which made her overall score higher than Tremblay's overall score. Those qualifications are undisputed. However, they do not show that Tremblay was only as qualified as Chouinard; instead, it is clear that Tremblay was more qualified.[3] Therefore, as to the April 2000 decision, Chouinard has not shown that the DOC's reasons for hiring Tremblay are pretextual.

In her interviews with oral board panels after April of

_____

[2]Tremblay also had a higher oral board score than Chouinard, although Chouinard's overall score, the combination of her factor score with her oral score, was higher. The factor score is heavily influenced by the applicant's years of service with the DOC. Although Chouinard attempts to undermine the DOC's reliance on the oral score, the record does not support her argument.

[3]The affidavits Chouinard submits from people who worked with her that attest to her competence as a corrections officer do not affect the difference in qualifications between Chouinard and Tremblay for the parole and probation officer position.

7

2000, Chouinard received progressively lower scores. The DOC explains that they chose other applicants for those parole and probation officer positions because those applicants had higher scores than Chouinard. She contests the scores she received in the later interviews, arguing that her abilities and qualifications could not have deteriorated as quickly as the scores would indicate and that the low scores were given as a pretext to discriminate against her because of her age. In particular, Chouinard contends that the negative changes in the scores given by Chief Probation and Parole Officers Crockett and Allen between their evaluations of her in April of 2000 and subsequent evaluations are evidence of pretext. She argues that if her oral score from her first interview, done in April of 2000, which she believes is the only valid score, was used in each of the following application processes, her overall scores would have been higher than those of the successful applicants.

In Currier, the court noted that an inference of pretext may be drawn from evidence of low evaluation scores that do not correlate with an applicant's demonstrated capabilities. 2004 WL 2955259, at *7. There, the plaintiff asserted that his low score on a subjective evaluation completed by the manager was not a fair representation of his abilities and did not properly evaluate his work performance and history. Id. at *2 & *7. The

8

jury agreed.

Chouinard submits affidavits from people who worked with her to show that, contrary to the scores she received from her interviews, she had good communication skills. Since the oral board scores are based on particular circumstances during the interview, rather than general communication skills, the affidavits do not undermine the scores Chouinard received. In addition, the positions of corrections officer and parole and probation officer are significantly different, so that competence in the corrections officer position would not necessarily mean an applicant would be qualified for a parole and probation officer position. Therefore, although the affidavits show that Chouinard performed well in her position as a corrections officer, they do not show a triable issue as to whether the panel scores were pretextual.

Further, the oral board scores were not merely a subjective evaluation of a single supervisor, as was the case in Currier. Instead, Chouinard was interviewed by many different panels of interviewers with similar results. Although Parole and Probation Office Chiefs Crockett and Allen, and others, served on more than one of the oral board panels that evaluated Chouinard, the other panel members for each board varied. The Warden submits the affidavit of one of the panel members who remembers Chouinard's

9

poor performance and gave Chouinard low scores.[4]  Chouinard offers no evidence of collusion among the various board members to give her low scores, nor is there evidence that the panel members ignored pertinent positive information about Chouinard's qualifications.  Therefore, unlike the situation in <u>Currier</u>, Chouinard's evaluations do not suggest pretext.

Even if Chouinard could show a triable issue as to whether her low scores were pretext for discrimination, she would also have to show that "'the true reason was an age-based animus.'" <u>Id.</u>, 2004 WL 2955259, at *6 (quoting <u>Brennan v. GTE Gov't Sys. Corp</u>, 150 F.3d 21, 26 (1st Cir. 1998)).  While a strong prima facie case along with an employer's unpersuasive explanations,

---

[4]Chouinard offers the affidavit of Sherwood M. Vachss who served on the panel that interviewed her on September 25, 2000. He states that he does not recall that she answered his scenario question in a way that would indicate she would imperil herself or others, as suggested by another member of the panel, and that he recalls she was not at the top or bottom of the list of applicants.  The scoring for that board confirms that Chouinard was in the middle of the group of applicants and shows that Vachss gave Chouinard above average scores, but not outstanding scores as he remembers, while the other two panel members, who had not interviewed Chouinard previously, gave her lower scores. Applicants with higher scores were chosen for the position. Therefore, Vachss's affidavit does not create a factual dispute as to the legitimacy of the scoring process.  The affidavit of another applicant, who believes he was not chosen because of a conflict with the director although he had previously worked as a parole and probation officer, does not support Chouinard's claim that she was not chosen because of her age.

10

and no indication of other legitimate reasons may be evidence of discrimination, see id. at *7 Chouinard has not presented that kind of case here. She offers no other persuasive evidence of age-based animus. Cf. id. (plaintiff passed over in favor of younger and less qualified candidates and expert witness offered some statistical evidence of discrimination).

While the record shows that most of the successful applicants were younger than Chouinard, the record does not indicate that they were also only similarly qualified. Instead, it appears that in each case the successful applicant had a higher oral score than Chouinard.[5] That the DOC considered her seniority but did not give it controlling weight is not evidence of age discrimination. Further, one of the successful applicants was only a year younger than Chouinard and was also within the protected group for age when he was chosen, over Chouinard, for a parole and probation officer position. Even if the record showed a triable issue as to whether the DOC's explanation was pretextual, that would not be sufficient to avoid summary judgment in the circumstances of this case. See Feliciano De la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 8 (1st

---

[5]Chouinard's argument that her first oral score should be used instead of her later lower scores to show that she was the more qualified applicant in each case is not persuasive.

11

Cir. 2000) (noting that anti-discrimination laws do not "transform courts into super personnel departments, assessing the merits--or even the rationality--of employers' nondiscriminatory business decisions." (internal quotation marks omitted)); <u>Hildago v. Overseas Condado Ins. Agencies, Inc.</u>, 120 F.3d 328, 337 (1st Cir. 1997) (stating that ADEA does not stop employers from making hiring decisions "for any reason (fair or unfair) or for no reason, so long as the decision . . . does not stem from the person's age.").

Therefore, summary judgment is appropriate in the DOC's favor.


<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (document no. 73) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


                                 _____
                                 Joseph A. DiClerico, Jr.
                                 United States District Judge

January 6, 2005

cc:  Karyn Chouinard, pro se
     Mary E. Schwarzer, Esquire

12