Not for Publication in West's Federal Reporter

# United States Court of Appeals
### For the First Circuit

_____

No. 09-1453

DORIS ORTIZ-RIVERA,

Plaintiff, Appellant,

v.

ASTRA ZENECA LP,

Defendant, Appellee,

INSURANCE COMPANIES A, B, C;  JOHN DOES 1 THROUGH 3,

Defendants.

_____

APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

_____

Before

Lipez, Baldock,* and Howard, Circuit Judges.

_____

Jorge Miguel Carazo-Quetglas and Carazo-Quetglas Law Offices for appellant.
Lourdes C. Hernandez-Venegas and Schuster Aguiló LLP for appellee.

_____

January 25, 2010

_____

* Of the Tenth Circuit, sitting by designation.

**BALDOCK, Circuit Judge**.  Plaintiff Doris Ortiz-Rivera appeals from the district court's grant of summary judgment for Defendant Astra Zeneca LP in her suit involving claims under the Age Discrimination in Employment Act (ADEA) and similar claims under Puerto Rico law.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review the district court's grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party."  Sonoran Scanners, Inc. v. Perkinelmer, Inc., 585 F.3d 535, 539–40 (1st Cir. 2009).  Plaintiff argues the district court erred in granting summary judgment on her ADEA claims.  She then argues the district court erred in dismissing her claims under Puerto Rico law.  We address each argument in turn.

The parties are familiar with the facts, and we therefore repeat them here only briefly.  Plaintiff was born on January 17, 1966.  Defendant hired Plaintiff to be a pharmaceutical sales specialist on August 8, 2005.  Supervisor Vanessa Gonzales (born August 15, 1970) and her supervisor, Elsa Saavedra (born November 3, 1957), both participated in the hiring process.  Plaintiff's job involved visiting physicians and obtaining orders for Defendant's products.  After observing several inconsistencies and possible misrepresentations in

Plaintiff's work and reports, Gonzales sought counsel from John Kriegsmann (born September 27, 1943) in human resources. He recommended that Gonzales conduct a performance review of Plaintiff. Gonzales discovered several problems that caused her to question Plaintiff's honesty. Saavedra likewise reviewed Plaintiff's performance and had similar concerns. On Kriegsmann's recommendation, Gonzales and Saavedra met with Plaintiff to discuss these problems. After determining that her responses were unsatisfactory, they decided to terminate her on March 17, 2006. On that date, Plaintiff was forty years and two months old; Gonzales was thirty five years, seven months, and two days old; Saavedra was forty eight years, four months, and fourteen days old; and Kriegsmann was sixty two years, five months, and twenty one days old.

Plaintiffs making a case under the ADEA with indirect evidence may use the burden shifting analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–05 (1973). Torrech-Hernández v. General Electric Co., 519 F.3d 41, 48 (1st Cir. 2008). In analyzing cases under this framework, we may put aside the question whether a plaintiff established a prima facie case of age discrimination under the ADEA and consider first whether "there is evidence that, notwithstanding the employer's stated reasons for the

termination, the real reason, at least in part, was age . . . discrimination." Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 31 (1st Cir. 2003); see also Rivera-Aponte v. Restaurant Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003) (assuming arguendo that the plaintiff could establish a prima facie case and considering whether he could prove his employer had a discriminatory motive for discharging him).

Defendant presented evidence of several grounds for terminating Plaintiff. First, Plaintiff received a law degree but did not include it on her resume or job application, even though she included a master's degree in English linguistics. Second, she misrepresented information on expense reports and failed to follow protocol when she claimed expenses for ten people at "lunch and learn" meetings though fewer than ten attended. Third, Plaintiff's six-month performance review revealed multiple occasions on which she had reported several visits to doctors in a five to seven minute period, and her supervisors considered this to be insufficient time to make a proper call. Fourth, the review showed Plaintiff often failed to work the required seven and a half hours each day. Fifth, Plaintiff violated company policy by using "mass assignments" (cutting and pasting one report into others instead of writing

individualized reports for each call).  Defendant argues any one of these instances is grounds for termination, and all of them raised serious doubts about Plaintiff's honesty. Defendant thus satisfied its burden of production by articulating "'a legitimate, nondiscriminatory basis for its adverse employment action.'" Torrech-Hernández, 519 F.3d at 48 (quoting Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 17 (1st Cir. 2006)).

To demonstrate pretext, Plaintiff relies on four allegedly ageist remarks.  First, when she traveled to supervisor Vanessa Gonzales's house to pick up materials for work, she informed Gonzales that she was suffering from a medical condition.  Gonzales told her to visit a doctor and said "those things come with age."  Second, during a break at a work meeting, a coworker was selling bikinis.  When Plaintiff asked whether there was one for her, Gonzales said she was "too old for one."  Third, when Gonzales met with Plaintiff to discuss the improper expense reports, she told Plaintiff "you are too old, Doris.  You are too old for this.  You are too old to be making these mistakes.  This is unacceptable."  Fourth, when Gonzales and her supervisor, Elsa Saavedra, met with Plaintiff to discuss concerns about her performance and dishonesty, they told her she "was old

enough to know what it means to lie and to omit" information.

As the district court noted in its thorough and well-reasoned order, "'stray workplace remarks' . . . normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus." Gonzalez v. El Dia, Inc., 304 F.3d 63, 69 (1st Cir. 2002). The first two remarks, concerning a medical problem and bikinis, were rude but not related to the decision to terminate Plaintiff's employment. In Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 36 (1st Cir. 2001), we said: "[T]hough such 'stray remarks' may be *material* to the pretext inquiry, 'their *probativeness is circumscribed* if they were not related to the employment decision in question . . . .'" (quoting McMillan v. Massachussetts Soc'y for Prev. of Cruelty to Animals, 140 F.3d 288, 301 (1st Cir. 1998)). On the facts of this case, Gonzales's stray remarks concerning a medical problem and bikinis are not significantly probative of pretext. Id. "Although statements directly related to the challenged employment action may be highly probative in the pretext inquiry, mere generalized 'stray remarks,' arguably probative of bias against a protected class, normally are not probative of pretext absent some discernible evidentiary basis for assessing their temporal

- 6 -

and contextual relevance." Id. Taken in the light most favorable to Plaintiff, the second two statements are, at best, ambiguous. Though made by supervisors close to the time of Plaintiff's termination, they arguably reflect a belief that positive attributes such as honesty and accuracy come with age. Both could be expressions of confusion about Plaintiff's actions, admonishments to act responsibly, or remarks indicating animus. Because these statements are ambiguous, they are insufficient to prove Defendant's discriminatory intent. See Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 329 (1st Cir. 1996) ("Isolated, ambiguous remarks are insufficient, by themselves, to prove discriminatory intent."). Additionally, the context provides no additional evidence of discriminatory intent: Two of the same supervisors participated in hiring and firing Plaintiff; those supervisors provided several valid concerns about Plaintiff's honesty; and two of the three people who participated in the decision to fire Plaintiff are more than five years her senior. Therefore, we agree with the district court that Plaintiff failed to provide sufficient evidence that Defendant's stated reasons for terminating her were pretextual.

Plaintiff also argues the district court should not have dismissed her claims under Puerto Rico law. While a

district court may exercise supplemental jurisdiction over nonfederal law claims, the court may also "decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  See Marrero-Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).  Because the district court properly dismissed Plaintiff's claims under federal law, it did not err in dismissing without prejudice her claims under Puerto Rico law as well.

AFFIRMED.