# United States Court of Appeals
## For the First Circuit

No. 14-1698

NORBERTO-COLÓN LORENZANA; GLADYS GOZA-GONZÁLEZ;
CONJUGAL PARTNERSHIP COLÓN-GOZA,

Plaintiffs-Appellants,

v.

SOUTH AMERICAN RESTAURANTS CORP.,

Defendant-Appellee,

AFC ENTERPRISES INC.; CAJUN OPERATING COMPANY; CAJUN FUNDING
CORP.; COMPANY A OF UNKNOWN; JOHN DOE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Marcos E. López, U.S. Magistrate Judge]

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

José R. Santiago-Pereles and Santiago-Pereles, Rinaldi &
Collazo, P.S.C. on brief for appellants.
Ricardo F. Casellas, Diana Pérez Seda, Casellas Alcover &
Burgos, P.S.C., Dora M. Peñagarícano, and McConnell Valdés LLC on
brief for appellees.

August 21, 2015

HOWARD, **Chief Judge**.  Crying foul over the trademarking and continued sale of a chicken sandwich, plaintiffs-appellants Norberto Colón Lorenzana and Gladys Goza González filed suit in the United States District Court for the District of Puerto Rico.[1] On appeal, Colón challenges the district court's order dismissing the federal claims brought under the Lanham Act and Copyright Act, and its declination of jurisdiction over the supplemental Puerto Rico law claims.  See Colón-Lorenzana v. S. Am. Rest. Corp., 2014 WL 1794459 (D.P.R. May 6, 2014).  After careful review of the record, we affirm on all fronts.

## I.

We review the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, construing the facts in a light most favorable to the non-moving party.  Lister v. Bank of Am., 790 F.3d 20, 23 (1st Cir. 2015).  Our factual analysis is based upon the relevant allegations contained within the amended complaint.  Mass. Retirement Sys. v. CVS Caremark Corp., 716 F.3d 229, 231 (1st Cir. 2013).

In 1987, Norberto Colón Lorenzana began working for South American Restaurant Corporation ("SARCO"), a franchisee and operator of Church's Chicken locations in Puerto Rico.  As

---

[1]  The complaint is captioned "Norberto Colón Lorenzana, Gladys Goza González, and their conjugal partnership."  For the sake of convenience, we will refer to both appellants generally as "Colón".

pertinent to this action, he suggested to his superiors the concept for a new chicken sandwich that could be included on Church's menu. Seizing upon Colón's idea, a series of taste tests were performed that eventually culminated with Church's offering the item for sale, beginning in December of 1991. Colón christened this creation the "Pechu Sandwich."[2]

In 1999, wanting to protect its new item, the franchisor of Church's Chicken applied for and received a certificate of registration from the Puerto Rico Department of State trademarking the name "Pechu Sandwich". The Puerto Rico registration, after a series of transfers, was eventually conferred on defendant SARCO. In October of 2005, and concurrent to the active Puerto Rico registration, SARCO filed an application with the United States Patent and Trademark Office ("USPTO"), and received a federal trademark registration for the name "Pechusandwich"[3] in September of 2006.

---

[2] The sandwich consists of a fried chicken breast patty, lettuce, tomato, American cheese, and garlic mayonnaise on a bun.

[3] The term "Pechusandwich" appears at only three places in the amended complaint, including in Colón's allegation related to the issuance of the federal trademark. All other references in the amended complaint are to "Pechu Sandwich". The record below is silent as to whether this is a typographical error or the form in which the federal trademark issued. For the purpose of clarity we use "Pechu Sandwich".

Believing that SARCO misappropriated his intellectual property, Colón now claims that he is entitled to a percentage of the profits derived from the Pechu Sandwich's success. He brought suit primarily alleging a violation of Section 38 of the Lanham Act, see 15 U.S.C. § 1120, asserting that SARCO committed fraud upon the USPTO in the procurement of the federal trademark for the Pechu Sandwich.[4]

After both parties consented to the matter being heard before a magistrate judge, SARCO promptly filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The district court, construing the pleadings generously to Colón, also gleaned a claim for violations of the Copyright Act[5] and a second claim under the Lanham Act of trademark infringement[6] but nonetheless allowed the motion in full. This timely appeal followed.

---

[4] While neither party raises the issue, Colón's claim of ownership may fail on the grounds that the Pechu Sandwich was likely created within the scope of his employment. See J. Thomas McCarthy McCarthy on Trademarks and Unfair Competition § 16:36 (4th ed.) ("If an employee designs a mark in the course of employment and the employer uses it, it would seem clear that the employer is the 'owner' of the mark.").

[5] The district court noted that "[t]he amended complaint does not specifically plead a claim under, or cite to the U.S. Copyright Act." Colón more clearly asserts a Copyright Act claim in his opposition to SARCO's motion to dismiss, and SARCO filed a reply brief arguing that such a claim was waived. Nonetheless, the district court concluded the claim was adequately pled to warrant analysis under Fed. R. Civ. P. 12(b)(6).

[6] Colón does not seize upon the generosity of the district court and fails to develop any argument in his appellate briefing related to trademark infringement. Accordingly, any such claims

- 4 -

## II.

We first determine whether any violation of the Copyright Act exists. For a claim alleging a violation of the Copyright Act to proceed past infancy, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

Colón claims that SARCO violated his intellectual property rights for both the "recipe" of the Pechu Sandwich and the name of the item itself. He asserts that the term Pechu Sandwich is a creative work, of which he is the author.

In assessing whether a work is suitable for copyright protection, we are mindful that "[t]he immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor [and] . . . the ultimate aim is . . . to stimulate artistic creativity for the general public good." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). Against this rubric,

_____

are deemed waived. See, e.g., United States v. Oladosu, 744 F.3d 36, 39 (1st Cir. 2014).

Congress has enumerated eight categories of works available for copyright protection:

> (1) literary works; (2) musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works.

17 U.S.C. § 102(a).

Contrary to Colón's protests on appeal, the district court properly determined that a chicken sandwich is not eligible for copyright protection. This makes good sense; neither the recipe nor the name Pechu Sandwich fits any of the eligible categories and, therefore, protection under the Copyright Act is unwarranted. A recipe -- or any instructions -- listing the combination of chicken, lettuce, tomato, cheese, and mayonnaise on a bun to create a sandwich is quite plainly not a copyrightable work.[7] See 37 C.F.R. § 202.1(a) (the mere listing of ingredients is not subject to copyright protection); see also Publ'ns Int'l Ltd. v. Meredith Corp., 88 F.3d 473, 480-81 (7th Cir. 1996) (explaining that recipes are functional directions to achieve a result and therefore not copyrightable). As for the "Pechu Sandwich" moniker, we have previously held that "copyright

---

[7] We note that the complaint contains no allegation that the "recipe" for the Pechu Sandwich is in a form of expression beyond that of a list.

protection simply does not extend to 'words and short phrases, such as names, titles, and slogans.'" <u>CMM Cable Rep, Inc.</u> v. <u>Ocean Coast Props., Inc.</u>, 97 F.3d 1504, 1520 (1st Cir. 1996) (quoting 37 C.F.R. § 202.1(a)). Colón has not articulated any reason for deviating from that sound guidance here.

Thus, because neither the name "Pechu Sandwich" nor the recipe are eligible for copyright protection, no violation of the Copyright Act exists.

**III.**

We next pivot to the meat of Colón's allegations and evaluate whether he has pled sufficient facts to state a claim for fraud in the procurement of a federal trademark. The district court determined that a claim under Section 38 of the Lanham Act must sufficiently plead: (1) that the registrant (SARCO) made a false representation to the USPTO regarding a material fact; (2) that the petitioner knew or should have known the representation was false; (3) that the petitioner intended to induce the USPTO to act or refrain from acting based upon such representation; (4) that the USPTO reasonably relied on the misrepresentation; and (5) that some damage was proximately caused by the USPTO's reliance on the false material fact. <u>See</u> J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u> § 31:61 (6th ed. 2015). These criteria have been adopted in some form by other circuits and applied by district courts within our circuit. <u>See, e.g.</u>, <u>Patsy's</u>

Italian Rest., Inc. v. Banas, 658 F.3d 254, 270-71 (2d Cir. 2011); Robi v. Five Platters, Inc., 918 F.2d 1439, 1444 (9th Cir. 1990); San Juan Prods., Inc. v. San Juan Pools of Kansas, Inc., 849 F.2d 468, 473 (10th Cir. 1988); Bay State Sav. Bank v. Bay State Fin. Servs., 484 F. Supp. 2d 205, 221 (D. Mass. 2007); Gen. Linen Serv., Inc. v. Gen. Linen Serv. Co., Inc., 25 F. Supp. 3d 187, 191 (D.N.H. 2014); Clark Cap. Mgmt. v. Navigator Invs., LLC, 2014 WL 6977601 at *1 (D.R.I. 2014).

In analyzing the amended complaint, the district court measured Colón's claim under 15 U.S.C. § 1120 against the heightened standards of Fed. R. Civ. P. 9(b). To the extent that Colón presses any discernible argument against the application of Rule 9(b), he only refers in passing to a district court case stating that "Twombly does not require heightened fact pleading of specifics." Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 132-33 (D.P.R. 2007) (citing United States v. Twombly, 550 U.S. 544, 559 (2007)).

We need not linger over the potential elements of a Section 38 claim or the application of Rule 9(b) because the complaint fails for a more fundamental reason. It simply fails to sufficiently allege that any false statement exists. Colón merely offers conjecture about SARCO's actions and intentions. He avers that SARCO "intentionally, willfully, fraudulently and maliciously procured the registration of Plaintiff's creation in the Patent

- 8 -

and Trademark Office without his consent and . . . with the intent to injure the Plaintiffs," but the complaint is silent as to any facts to support such conclusions.  Even applying the more lenient provisions of Fed. R. Civ. P. 8, courts "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal 556 U.S. at 678-79.  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual contact that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Colón's complaint allows for no such inference.

Thus, Colón has failed to sufficiently plead that SARCO committed fraud in the procurement of a federal trademark for the Pechu Sandwich.[8]

**IV.**

The judgment of the district court is **affirmed**.

---

[8] Because the district court properly dismissed the federal claims, it was well within the district court's discretion to relinquish the supplemental claims brought under Puerto Rico law. See Ortiz-Rivera v. Astra Zeneca LP, 363 F. App'x 45, 48 (1st Cir. 2010); 28 U.S.C. § 1367(c)(3).