**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 17-1699

KAREN M. SHEA,

Plaintiff, Appellant,

v.

DITECH FINANCIAL LLC; WILMINGTON SAVINGS FUND SOCIETY, FSB,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

Moss M. Sidell and Sidell Law Offices, P.C. on brief for appellant.
Richard E. Briansky, Benjamin M. Greene, and McCarter & English LLP on brief for appellees.

May 4, 2020

**Per Curiam**.  In this diversity action, appellant Karen M. Shea appeals the dismissal of her claims for breach of contract and violation of Massachusetts consumer protection law against two mortgage companies.[1]  We affirm.

## I. Background

In 2006, Shea and her former husband refinanced the mortgage on their home in Scituate, Massachusetts, with a $400,000 loan from Mt. Washington Cooperative Bank.  The new mortgage and its accompanying note were first assigned to the Mortgage Electronic Registration System and later to BAC Home Loans Servicing, LP, a subsidiary of Bank of America.  Shea obtained full title to the property in her divorce.

After Shea fell behind on her loan payments, BAC offered to temporarily delay foreclosing on the property if Shea made reduced payments under the Fannie Mae HomeSaver Forbearance Program.  In July 2009, Shea and BAC signed an agreement in which Shea promised to make six monthly payments of $1,661.31 -- half her monthly obligation under the mortgage and note -- and BAC promised to "suspend any scheduled foreclosure sale" during that period.

The forbearance agreement included a term stating that it was "not a forgiveness of payments on [the] Loan or a

---

[1] Shea filed a five-count complaint, but she appeals dismissal of only the contract and consumer-protection counts.

- 2 -

modification of the Loan Documents." More specifically, the Agreement provided that "all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents."

Shea alleges in her complaint that she made the specified payments and that, at the end of the six-month period, she "was instructed by BAC to continue the payments under the program." She continued to pay the reduced amount through July 20, 2010. Nonetheless, on May 14, 2010, BAC sent a Notice of Intention to Foreclose, giving Shea thirty days to cure her default under the mortgage. However, BAC did not pursue foreclosure at that time, and in 2014 it transferred the mortgage and note to Ditech Financial LLC.[2] The document effecting the assignment to Ditech does not mention the forbearance agreement, and it states that the assignee is "subject only to the terms and conditions of the above-described Mortgage." Shea alleges that she "applied for multiple loan modifications in the ensuing years," but was denied them each time.

In September 2015, Shea sent a demand letter to Ditech, requesting relief under the Massachusetts consumer protection

---

[2] At that time, Ditech was known as Green Tree Servicing LLC.

statute familiarly known as Chapter 93A.  See Mass. Gen. Laws ch. 93A.  She alleged, inter alia, that BAC had failed to comply with Massachusetts statutory foreclosure requirements and that neither BAC nor Ditech "has ever accounted for" the payments made under the forbearance agreement.  In response, Ditech denied any violation of Chapter 93A and detailed when Shea's payments, other than the final one in July 2010, had been applied to her outstanding loan balance by BAC.

In April 2016, Shea filed a state-court complaint that included the breach-of-contract and Chapter 93A claims at issue in this appeal.  After Ditech removed the case to federal court, it assigned Shea's mortgage to the Wilmington Savings Fund Society, FSB.  Shea then filed an amended complaint against both Ditech and Wilmington.  Shea did not name BAC in either complaint.

The district court granted Ditech's and Wilmington's motion to dismiss the complaint, finding, as relevant to our review, that the two companies could not have breached the forbearance agreement because they were not parties to it, and that Shea's Chapter 93A claim was time-barred.  This appeal followed.[3]

---

[3] Although not pertinent to the appeal, we note that, in September 2016, the district court denied Shea's motion for a preliminary injunction seeking to bar the foreclosure sale of the property.  See Memorandum and Order, No. 1:16-cv-11488-NMG, Dkt. 21 (D. Mass. Sept. 22, 2016).  The record does not indicate whether such a sale took place.

## II. Discussion

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). Lorenzana v. S. Am. Rests. Corp., 799 F.3d 31, 33 (1st Cir. 2015). A complaint must be dismissed if it does not state a claim to relief that is "plausible on its face" even when the alleged facts are taken in the light most favorable to the nonmoving party. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Review on appeal is restricted to the facts contained in the complaint, "matters fairly incorporated within it[,] and matters susceptible to judicial notice." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003)).

Where federal jurisdiction is based on diversity of citizenship, we apply the substantive law of the forum state, here Massachusetts, see Calandro v. Sedgwick Claims Mgmt. Servs., Inc., 919 F.3d 26, 34 (1st Cir. 2019), which is also stipulated as the governing law in the forbearance agreement. Shea claims that BAC breached the agreement by initiating foreclosure proceedings against her, and that Ditech and Wilmington inherited liability for this breach when they received the assigned mortgage from their predecessor-in-interest. However, "[a]s a general matter, contracts do not bind nonparties." City of Revere v. Bos./Logan Airport Assocs., LLC, 416 F. Supp. 2d 200, 208 (D. Mass. 2005)

(citing EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002)). Thus, to prevail on her breach-of-contract claim, Shea would need to prove, as a threshold matter, that Ditech and Wilmington may be treated as parties to the forbearance agreement.

No facts alleged in the complaint plausibly establish that either Ditech or Wilmington agreed to step into BAC's shoes with respect to the agreement. Indeed, as noted above, the BAC mortgage assignment expressly states that the assignee, i.e., Ditech, is "subject only to the terms and conditions of the above-described Mortgage," and the forbearance agreement expressly states that the terms of the original loan remained in effect. Hence, because the defendants were not parties to the forbearance agreement, Shea cannot succeed with a claim that they breached it.

Nor can Shea maintain her claim that defendants committed unfair and deceptive business practices. A plaintiff must bring Chapter 93A claims within four years of when she "knew or should have known of appreciable harm resulting from" an alleged violation. Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 560 N.E.2d 122, 126 (Mass. App. Ct. 1990); see also Mingde Hong v. Northland Ins. Co., 313 F. Supp. 3d 364, 365 (D. Mass. 2018). On appeal, Shea effectively concedes that the conduct underlying her Chapter 93A claim occurred beyond the limitations period. She argues only that she is entitled to extra time under the discovery rule because Chapter 93A is a "very technical

- 6 -

statute," and she was not aware of the claim until she engaged counsel.  Under Massachusetts law, however, "accrual under the discovery rule is not delayed until a plaintiff learns that [s]he was legally harmed."  Harrington v. Costello, 7 N.E.3d 449, 457 (Mass. 2014).  Accordingly, Shea's Chapter 93A claim was properly dismissed.

One additional matter remains.  Ditech and Wilmington ask that we sanction Shea for bringing a frivolous appeal, or, alternatively, that we declare the appeal frivolous to pave the way for them to file a motion for sanctions.  We decline their request.  "[A]n appeal can be weak, indeed almost hopeless, without being frivolous . . . ."  Lallemand v. Univ. of R.I., 9 F.3d 214, 217-18 (1st Cir. 1993).  We conclude that this is such a case.

For the foregoing reasons, we affirm the dismissal of Shea's complaint and deny Ditech's and Wilmington's request for sanctions.

So ordered.