# United States Court of Appeals
## For the First Circuit

No. 06-2016

NATASHA BABANI, ET AL.,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Newman,[*] and Lynch,
Circuit Judges.

Susanna L. Shafer, Daniel F. Cashman, and Cashman & Lovely, P.C. on brief for petitioner.
Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, and Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

June 22, 2007

---

[*] Of the Federal Circuit, sitting by designation.

**PER CURIAM.** On June 8, 2006, the Board of Immigration Appeals (BIA) adopted and affirmed the decision of an Immigration Judge (IJ) rejecting the claims of Natasha Babani (and, derivatively, her husband) for asylum, withholding of removal to Albania, and relief under the Convention Against Torture (CAT).

In an oral decision delivered on February 8, 2005, the IJ found that Babani had not met her burden of showing past persecution or a well-founded fear of persecution on account of political opinion. Further, the IJ found that in light of the couple's repeated voluntary returns to Albania since the 1997 assumption of power by the Socialist Party, they had not shown that they had any real fear of returning to Albania. As a result, the IJ ordered Babani removed to Albania.

The BIA upheld the IJ's denial of relief. The BIA held that no clear error had been shown in the IJ's partial adverse credibility finding that the accounts of Babani and her husband were inherently implausible as to why police in Albania under a new, noncommunist political regime would have any interest in harming them after the former communist regime was ousted in the early 1990s. As to the events that occurred under the more recent socialist regime in Albania, the BIA held that the Babanis had not demonstrated clear error in the IJ's finding that even if the Babanis had been credible in their factual accounts of several incidents of mistreatment by police, they had not demonstrated that

-2-

these events were on account of one of the grounds protected under the Immigration and Nationality Act. Finally, the BIA affirmed the finding that Babani had not shown that she or her spouse would be tortured upon return to Albania. Thus, the IJ's order of removal was affirmed.

Babani timely petitioned for review of the denial of relief. We deny the petition for judicial review.

I.

Babani was admitted to this country on a B-2 non-immigrant visa in 2000 and overstayed. She did not seek asylum upon her entry to the country. Rather, she waited until she was served with a removal notice. Removal proceedings began on October 9, 2002.

To establish eligibility for asylum, an alien must demonstrate that she is a "refugee." 8 U.S.C. § 1158(b)(1)(A). To do so, the alien must show that she has been persecuted or that she reasonably fears persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. § 1101(a)(42)(A); see also Mukamusoni v. Ashcroft, 390 F.3d 110, 119 (1st Cir. 2004). The alien bears the burden of proof for establishing eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i). An applicant who has established that she has suffered persecution in the past is "presumed to have a well-founded fear of persecution on the basis of the original

claim."  8 C.F.R. § 208.13(b)(1); see also El Moraghy v. Ashcroft, 331 F.3d 195, 203 (1st Cir. 2003); Fergiste v. INS, 138 F.3d 14, 18 (1st Cir. 1998).

To qualify for withholding of removal, an alien must demonstrate that upon return to her home country, she is more likely than not to face persecution on account of a protected ground.  Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006).

Normally, we review the decision of the BIA, but when the BIA adopts the opinion of the IJ, we review the IJ's opinion as if it were that of the BIA.  Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004).  Whether or not an alien has met her burden is a factual determination that we review under the deferential substantial evidence standard.  See Estrada-Canales v. Gonzales, 437 F.3d 208, 215 (1st Cir. 2006).  We will uphold the agency's factual determinations "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2005).

A brief discussion of the record suffices.  The IJ accepted as credible Babani's testimony that during the communist regime she had been persecuted as the daughter of a military official who was suspected of being involved in an anticommunist effort.  In 1976, Babani's father died while in prison.  Babani and the rest of her family were then sent into exile at labor camps around the country.  In 1990, after democratic reforms, Babani

-4-

returned from exile. After the election that brought the Democratic Party to power in 1992, she fared well. She testified that the situation changed when the Socialist Party seized power in 1997. She relies on an attack on her son in July 1997, the beating of her husband by the Chief of Police in March 2000, and an April 2000 search of their home, in which she fended off a rape. The IJ found that Babani's testimony with respect to the 1997 and 2000 events was not credible.

Babani's two main arguments are that (1) the IJ's partial adverse credibility determination is not supported by substantial evidence, and (2) the IJ has confused the issue of her credibility with the issue of whether she met her burden of associating any of the post-1997 events with her political opinion.

Both of Babani's arguments are misapplied because even if we found error in the IJ's partial adverse credibility determination, Babani still would not be entitled to relief.[1] The IJ found that even if the recounting of the 1997 and 2000 events

---

[1] Babani relies on Cordero-Trejo v. INS, 40 F.3d 482 (1st Cir. 1994), to support her second argument. The case lends her no support. In Cordero-Trejo, the IJ had found the petitioner not credible because his testimony was "rife with inconsistencies and implausibilities." Id. at 488. We reviewed the record and determined that substantial evidence did not support such a finding. Id. at 491. We did not hold, as Babani seems to suggest, that the plausibility of testimony regarding an alleged persecutor's motives can never be relevant to a credibility determination. Rather, we reasoned that the IJ's adverse credibility determination regarding the petitioner's testimony with respect to his supposed persecutor's motives was explicitly refuted by the record. Id. at 489.

were credible, Babani had not met her burden of showing that the events were on account of any of the five statutory factors. Indeed, the only "evidence" Babani offered was her belief that the events were so motivated.

Babani's argument is that her belief was reasonable and so had to be accepted unless the IJ presented a rational alternative explanation. As a matter of law this argument is incorrect. Babani bore the burden of proof, and she offered no evidence of a connection between the mistreatment and her political beliefs but her own opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [the petitioner] must provide some evidence of [his persecutors' motives], direct or circumstantial."); see also, e.g., Romilus, 385 F.3d at 7 (holding that the petitioner had failed to establish past persecution on account of a protected ground where there was no evidence of the persecutors' motives); Khalil v. Ashcroft, 337 F.3d 50, 55 (1st Cir. 2003) (holding that the petitioner had failed to establish persecution on account of religion because his "theory as to why [he was mistreated] [was] just that: a theory. He present[ed] no evidence other than his own speculation to link the [mistreatment] to his faith").

Moreover, even if we viewed Babani's testimony -- for example, that the police told her son that his kind should go back to the concentration camps, or that the Chief of Police was the son

of a man who had been involved in the death of her father -- as allowing an inference that the attacks on the Babanis were politically motivated, the IJ's choice among reasonable inferences cannot be deemed erroneous.[2] Aguilar-Solis v. INS, 168 F.3d 565, 571 (1st Cir. 1999); see also Romilus, 385 F.3d at 7. The record offers adequate support for the IJ's skepticism that what befell Babani's family was on account of her political opinion.

According to Babani's own characterization, she was "virtually non-political." She attended only one rally in 1992 and was not active in opposing the socialist regime that came to power in 1997. In addition, Babani's son received his passport to come to the United States a month before the 1997 assault, hardly evidence of persecution of the family. Similarly, Babani's husband continued to work for the government's Ministry of Tourism and traveled extensively outside of Albania between 1997 and 1999. At no time during this period did Babani or her husband apply for asylum in any country to which they traveled. As to the March 2000 assault on Babani's husband, although the police allegedly screamed at Babani and insulted his wife, they did not say anything about the Babanis' political beliefs. Likewise, Babani's husband admitted that they were not singled out when the police came to

---

[2] To be clear, a competing inference need be no more specific than that the alleged persecution was not motivated by a protected ground. See 8 U.S.C. § 1158(b)(1)(B)(i) (placing the burden of proof for establishing eligibility for asylum on the alien).

their home in April 2000.  Rather, the police were searching all houses in Tirana for illegal weapons.

There was also evidence of motive, unrelated to these events, to emigrate to the United States.  Both of the Babanis' children are here.  Babani's husband testified to a desire to enter the United States to be with their children, even before some of the events in question.

Because Babani's asylum claim fails, her application for withholding of removal necessarily fails as well.  <u>Bollanos</u> v. <u>Gonzales</u>, 461 F.3d 82, 86 (1st Cir. 2006); <u>Mediouni</u> v. <u>INS</u>, 314 F.3d 24, 27 (1st Cir. 2002).[3]

We <u>deny</u> the petition for review.

---

[3]    Babani's brief advances no arguments regarding the CAT, and so we deem her CAT claim waived.  <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  Even had it been preserved, the CAT claim would fail, as the IJ's denial of relief is supported by substantial evidence.