NOT FOR PUBLICATION

FILED

MAY 31 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-12-1436-DKiCl |
| | ) | |
| GARY SAMUEL REZNIKOV, | ) | Bk. No. 11-11413-TA |
| | ) | |
| Debtor. | ) | Adv. No. 11-01221-TA |
| _____ | ) | |
| | ) | |
| MATHON & ROSENSWEIG, PC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| GARY SAMUEL REZNIKOV, | ) | |
| | ) | |
| Appellee.[2] | ) | |
| _____ | ) | |

Argued and Submitted on May 16, 2013
at Pasadena, California

Filed - May 31, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:  Thomas W. Dressler of The Dressler Law Group, LLP, argued on behalf of Appellant Mathon & Rosensweig, PC.

_____

[1]     This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value.  See 9th Cir. BAP Rule 8013-1.

[2]     Appellee filed neither an opening brief nor a response to the BAP's Conditional Order of Waiver; only Appellant appeared at oral argument.

1

Before:  DUNN, KIRSCHER and CLEMENT[3], Bankruptcy Judges.

When Appellant, Mathon & Rosensweig, PC ("Law Firm"), arrived at trial on its § 727[4] adversary proceeding against Debtor/Appellee Gary Samuel Reznikov, the bankruptcy court granted Mr. Reznikov's alternate motion seeking dismissal of the adversary complaint with prejudice and granting judgment on the pleadings to Mr. Reznikov. The Law Firm appealed, asserting that the bankruptcy court erred when it granted judgment on the pleadings pursuant to Civil Rule 12(c).  Because the record reflects that the bankruptcy court properly granted either judgment on partial findings pursuant to Civil Rule 52(c), or dismissal with prejudice pursuant to Civil Rule 41(b), we AFFIRM.

///
///
///
///
///

[3]    Hon. Fredrick E. Clement, Bankruptcy Judge for the Eastern District of California, sitting by designation.

[4]    Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as Civil Rules.

## I. FACTS[5]

Irene Intelligator represented Mr. Reznikov's former spouse in dissolution proceedings in the California Superior Court. After the dissolution proceedings had concluded, on September 19, 2008, Mr. Reznikov commenced an action against Ms. Intelligator, which resulted in the entry of an Anti-Slapp Judgment against Mr. Reznikov and in favor of Ms. Intelligator on April 1, 2009.

Mr. Reznikov filed a voluntary chapter 7 petition on January 31, 2011. On February 23, 2011, Ms. Intelligator assigned to the Law Firm all court orders awarding fees and costs entered against Mr. Reznikov on or after August 17, 2010. On May 13, 2011,

---

[5] This appeal curiously presents the tale of "two" lawsuits. More accurately, it presents two very different versions of the same adversary proceeding. One as told through the Law Firm's opening brief and limited excerpts of record; the second as told by the official record in the adversary proceeding.

In its excerpts of record, the Law Firm provided only the following documents: its complaint filed May 13, 2011; Mr. Reznikov's Answer filed September 15, 2011; Mr. Reznikov's motion to dismiss case for want of prosecution or for directed verdict ("Motion"); the Law Firm's opposition to the Motion ("Opposition"); Mr. Reznikov's reply to the Opposition; the bankruptcy court's "Order Granting Motion to Dismiss Adversary Proceeding for Want of Prosecution and Motion for Judgment on the Pleadings" ("Substantive Order"); the Law Firm's motion for reconsideration ("Reconsideration Motion"); Mr. Reznikov's opposition to the Reconsideration Motion ("Reconsideration Opposition"); the Law Firm's reply to the Reconsideration Opposition; and the order denying the Reconsideration Motion ("Reconsideration Order").

We have referred to the docket to fill in the gaps left by the sparse record provided us by the Law Firm in this appeal. See, e.g., O'Rourke v. Seaboard Sur. Co (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

the Law Firm filed an adversary proceeding in Mr. Reznikov's bankruptcy case seeking both an exception to discharge of its debt and denial of Mr. Renikov's bankruptcy discharge in its entirety.

The Law Firm's complaint ("Complaint") asserted four claims for relief, the first of which was dismissed on Mr. Reznikov's motion filed on June 3, 2011.[6] On October 7, 2011, the bankruptcy court entered a scheduling order to govern the remaining claims for relief in the complaint, all of which arose under § 727.[7] The scheduling

_____

[6] The first claim for relief asserted that Mr. Reznikov "was a fiduciary for [the Law Firm] and that the anti-Slapp award was a breach of his fiduciary duty, rendered non-dischargeable by [§ 523(a)(4)]." Appellant's Opening Brief at 6:11-13. The bankruptcy court announced on the record its intent to dismiss the first claim for relief at a hearing held September 6, 2011 ("September 6 Hearing"). The order dismissing this claim for relief was entered November 15, 2011. The Law Firm does not contest dismissal of the first claim for relief in this appeal.

[7] The Law Firm sought to deny Mr. Reznikov's discharge pursuant to §§ 727(a)(2)(A) and (B), (a)(3) and (a)(4)(A). As relevant to this appeal, § 727 provides:

(a) The court shall grant the debtor a discharge, unless –
...
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
     (A) property of the debtor, within one year before the date of the filing of the petition; or
     (B) property of the estate, after the date of the filing of the petition;
(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's
(continued...)

4

order set October 25, 2011 as the discovery deadline, and November 8, 2011 as the deadline for pre-trial motions. From the docket it appears that these deadlines were discussed at the September 6 Hearing.

On the discovery deadline date, the Law Firm filed a motion ("Extension Motion") to extend both the discovery deadline and the deadline for pre-trial motions on the basis that its counsel had miscalendared October 25, 2011 as the last day to "propound" discovery, not as the discovery deadline. [Adv. Proc. Docket #24]. The Law Firm also requested that a hearing on the Extension Motion be held on shortened notice. In denying the request for hearing on shortened notice, the bankruptcy court stated: "The motion may be brought on regular notice pursuant to LBRs. The motion is scarcely adequate on the merits even without opposition. But it raises no reason for shortened time, especially since the deadline has already passed." [Adv. Proc. Docket #25]. Mr. Reznikov both refused to stipulate to an extension of the deadline and opposed the Extension Motion, asserting that his counsel explicitly had requested clarification at the September 6 Hearing that October 25, 2011 was the date discovery was to "conclude" and that the Law Firm's counsel

[7](...continued)
financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; [and]
(4) the debtor knowingly and fraudulently, in or in connection with the case–
    (A) made a false oath or account.
...

5

had prepared and lodged the scheduling order. Mr. Reznikov also pointed out that in the approximately five months that the adversary proceeding was pending prior to the discovery deadline, the Law Firm failed to conduct any discovery. [Adv. Proc. Docket #29].

The hearing on the Extension Motion was held December 1, 2011, at which time the Bankruptcy Court denied it. No transcript of this hearing is available. On December 7, 2011, the parties filed a Joint Pretrial Conference Order. [Adv. Proc. Docket #34]. The Law Firm listed as its witnesses Mr. Reznikov, Elena Reznikov, and Ms. Intelligator. At the pretrial hearing held December 8, 2011 ("December 8 Hearing"), the bankruptcy court orally set forth its scheduling order requiring that the Law Firm's declarations, which would constitute its direct testimony in support of its claims for relief, were due by February 17, 2012; trial ("Trial") was scheduled for March 19, 2012. [See Adv. Proc. Docket 44 at 3:6-11]. No order was entered setting these deadlines, and no transcript of the December 8 Hearing was made available to us by the Law Firm.

After the Law Firm failed to file any declaration in support of its case in chief, Mr. Reznikov filed a motion ("Dispositive Motion") in which he sought dismissal of the adversary proceeding for want of prosecution, or alternatively, a directed verdict. [Adv. Proc. Docket #44]. Mr. Reznikov timely filed his own declaration in support of his answer on February 26, 2012. [Adv. Proc. Docket #47]. The Law Firm thereafter filed a late declaration of Ms. Intelligator ("Intelligator Declaration") on March 6, 2012 as "direct testimony at trial by declaration. . . ." [Adv. Proc.

6

Docket #52 at 1:21-22]. In its entirety the Intelligator Declaration states:

> I, Irene Intelligator, declare as follows:
>
> 1. I was the family law attorney for Elena Reznikov in the matter entitled Reznikov v. Reznikov, Case No. 04-D00653. I make this declaration of my own personal knowledge on the facts set forth below and if called as a witness I could and would testify competently thereto.
>
> 2. I am familiar with Mr. Reznikov's financial affairs between 2004 and 2008.
>
> 3. I am familiar with Mr. Reznikov's Income and Expense Declaration filed on or about December 22, 2005, which indicated assets in excess of $500,000.00.
>
> 4. I am familiar with Mr. Reznikov's Income and Expense Declaration filed on or about July 10, 2006, which indicated assets in excess of $500,000.00.
>
> 5. I am familiar with Mr. Reznikov's Income and Expense Declaration filed on or about March 14, 2007, which indicated assets in excess of $500,000.00.
>
> 6. I am familiar with Mr. Reznikov's Income and Expense Declaration filed on or about November 14, 2008, which indicated assets in excess of $500,000.00.[8]
>
> I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Id. at 2:2-16].

The parties appeared at Trial on March 19, 2012 as scheduled.

---

[8] The Law Firm intended to introduce as evidence the state court income and expense declarations. The Intelligator Declaration did not authenticate these documents. At Trial, it was determined that the only "declaration" that could be relevant with respect to the time elements under § 727(a) was the November 14, 2008 "declaration," offered as Exhibit 13. Mr. Reznikov objected to its admission on the basis it was not a document "filed" in the dissolution proceedings as represented by the Law Firm.

7

Although a transcript of this proceeding is available on the bankruptcy court docket [Adv. Proc. Docket #69], the Law Firm did not include it with its excerpts of record, which we find disturbing, in that its omission is an apparent attempt by the Law Firm to obfuscate the fact that at the Trial the Law Firm conceded it could not prevail at Trial because it failed to prepare properly. The Trial transcript reveals that the bankruptcy court addressed the Dispositive Motion in detail.  We quote it at length.

> THE COURT: -- do I understand correctly the only declaration is the one you've offered --
>
> MS. DAVIS: At this --
>
> THE COURT: -- which is Ms. Intelligator's declaration?
>
> MS. DAVIS: That's correct.
>
> THE COURT: And what she says is "I'm aware of this. I'm aware of that. I'm aware of the other thing?"
>
> MS. DAVIS: That's correct, your Honor.
>
> THE COURT: Is that your entire case or are you going to --
>
> MS. DAVIS: No, your Honor.
>
> THE COURT: What else are you going to offer?
>
> MS. DAVIS: Your Honor, there's other evidence that we have, the assets that we believe that the Debtor still has based on the documents that Ms. Intelligator can authenticate and lay a foundation to, and so --
>
> THE COURT: Is that something that's beyond the declaration or is it within the four corners of what you've offered?
>
> MS. DAVIS: It would be within the four corners based on those income and expense declarations.  There was assets listed on there that we still believe that the Debtor may still be in possession of and did not disclose on his schedules.
>
> THE COURT: Well, I mean, it's hard for me to speak to that

which I have not seen yet.

MS. DAVIS: I understand, your Honor.

THE COURT: I have seen the declaration, and I certainly understand Mr. Cohen's point. If that's the -- the hole in your case isn't proving very much, but I suppose what you're going to tell me now is that you wish to put the Debtor himself on the stand, is that right?

MS. DAVIS: That's correct, your Honor.

THE COURT: Is he under subpoena here?

MR. COHEN: No.

THE COURT: Has he been requested to appear?

MR. COHEN: No.

THE COURT: How are you going to make the case? Why isn't this just a motion for judgment on the pleadings?

MS. DAVIS: Maybe it should have been, your Honor.

THE COURT: Well, I'm just asking you. I have cleared the day for you.

MS. DAVIS: I understand.

THE COURT: But it's not like I have nothing else to do. I do have other things that are pressing me, and it would certainly not be the Court's first wish to foreclose the possibility of a righteous case being presented. But I got to tell you, I'm really dubious based upon this declaration that you're going to be able to make this case. Now, you tell me that you have a way of proving -- this is a 727 case, isn't it?

MS. DAVIS: That's correct, your Honor.

THE COURT: Do you have the elements to -- you can prove the elements of this, i.e., that there's a knowing and false oath or --

MS. DAVIS: Your Honor, I believe based --

THE COURT: -- missing assets, that sort of thing?

MS. DAVIS: I believe so, your Honor.

9

THE COURT: How are you going to prove it?

MS. DAVIS: By impeachment.

THE COURT: By what?

MS. DAVIS: Impeaching the witness.

THE COURT: What if he doesn't show up?

MS. DAVIS: Then -- then I -- I have a problem, your Honor.

THE COURT: Yes, you do. So what should I do?  Should I let you then open the gate and see what you can do and do a tap dance if he's not here? You're not going to be able to prove anything, are you? You can put Ms. Intelligator up there, but that's her direct testimony. The first -- the first person who gets to ask questions is Mr. Cohen.  Do you think you can make this case?

**MS. DAVIS: Without the Debtor, no, I don't, your Honor.**

Tr. of March 19, 2012 Trial at 8:3-11:3 (emphasis added).

With the Law Firm's concession that it could not make its case without a witness it had failed to subpoena and who did not appear, the bankruptcy court turned to the Dispositive Motion.

THE COURT: You as Plaintiff have the obligation to put on at least a prima facie case, and if you don't, a motion for judgment on the pleadings is to follow. . . .

Id. at 11:16-18.

The bankruptcy court first observed that the Law Firm had waived its claim for relief pursuant to § 727(a)(3) by failing to include it in the joint pretrial stipulation.

THE COURT: I also note that pages four and five of the joint pretrial stipulation do not have any -- do not put into contention the question of failure to keep records or failure to explain a loss.

Id. at 14:14-17.

Finally, the bankruptcy court noted that any dispute over the

10

admission of Exhibit 13 was irrelevant because it would only relate to a claim for relief under § 727(a)(5), which never had been a part of the adversary proceeding. In concluding the hearing the bankruptcy court ruled:

> THE COURT: ... I'm just very doubtful, frankly, that there's anything you can do here without -- without him as a witness. Without him as a witness, all you got is Ms. -- is that Ms. Intelligator there?
>
> MS. DAVIS: Yes, it is, your Honor.
>
> THE COURT: All you got is her declaration, and even that doesn't tell us anything. It just says that she's familiar with some fairly old documents. I imagine what you would try to do is to try to cast an inference that now if he had some dough back then, he must by logical corollary have something now, but I got to tell you that's way way much of a stretch, and she can't then talk about the other things that she wants to talk about, which I'm sure she's got legion, because they're not in the declaration, and Mr. Cohen could successfully object to those as well for the very reasons. So the point is you're not ready for trial today. **You are fatally unprepared** it seems to me, and I don't propose to spend the day listening to it because I think I -- what I should do is grant this motion.
>
> I -- you call it either a motion to dismiss for failure to prosecute or you call it a motion for judgment on the pleadings. I think you end up at the same place. I don't think you can win this case under any theory. So for that reason, regretfully, the motion is granted.
>
> MS. DAVIS: Thank you, your Honor.
>
> THE COURT: Mr. Cohen, will you submit an order, please?
>
> MR. COHEN: I will, your Honor. Thank you.

Tr. of March 19, 2012 Trial at 16:9-17:12 (emphasis added).

The order granting the Dispositive Motion was entered April 2, 2012. The Law Firm timely filed the Reconsideration Motion, asserting that a dismissal for want of prosecution pursuant to Rule

11

7041 should be without prejudice unless otherwise provided by the court and then only in cases of extreme intentional misconduct. The Law Firm asserted it was improper for the bankruptcy court to state no basis for departing from the ordinary requirement of dismissal without prejudice. The Law Firm also asserted the bankruptcy court erred when it deemed a motion for dismissal to be a motion for judgment on the pleadings pursuant to Civil Rule 12(c).

The bankruptcy court entered a written disposition, stating its reasons for granting the Dispositive Motion and denied the Reconsideration Motion. The Law Firm timely appealed.

## II.   JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## III.   ISSUES[9]

Whether the bankruptcy court abused its discretion when it dismissed the Complaint with prejudice.

Whether the bankruptcy court erred when it granted judgment in favor of Mr. Reznikov.

## IV.   STANDARDS OF REVIEW

We review the bankruptcy court's dismissal of an adversary proceeding under Civil Rule 41(b) for an abuse of discretion. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir. 1991).

---

[9]     The Law Firm did not raise any issue in this appeal with respect to the denial of the Reconsideration Motion. Accordingly, any such issue is waived. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001) (issues not specifically argued in opening brief are waived).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. <u>Id.</u> Then, we review the bankruptcy court's fact findings for clear error. <u>Id.</u> at 1262 & n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" <u>Id.</u>

In reviewing judgments on partial findings made under Civil Rule 52(c), we review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. <u>Price v. U.S. Navy</u>, 39 F.3d 1011, 1021 (9th Cir. 1994). De novo review is independent, with no deference given to the trial court's conclusions. See <u>First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)</u>, 439 F.3d 558, 561 (9th Cir. 2006).

We may affirm the bankruptcy court on any basis supported by the record. <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1086 (9th Cir. 2008).

V.   DISCUSSION

The heart of the Bankruptcy Code's fresh start provisions is § 727. Subsection (a) requires the court to grant a debtor a discharge unless he has committed a prohibited act(s) prior to or during the bankruptcy case. Rule 4005 places on the Law Firm the burden of proving, by a preponderance of the evidence, the grounds to deny a discharge. See <u>Grogan v. Garner</u>, 498 U.S. 279 (1991). This required the Law Firm to make a prima facie case against

13

Mr. Reznikov before any burden of proof shifted to Mr. Reznikov.

It is undisputed on the record we have reviewed that the Law Firm arrived at Trial without <u>any</u> evidence to support its claims for relief. The bankruptcy court parsed the evidence proffered and determined there was no basis upon which the Law Firm could satisfy its burden of proof on any element of the claims to be tried.

Civil Rule 41(b)[10] provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under [Civil] Rule 19 – operates as an adjudication on the merits.

Civil Rule 41(b) authorizes a court to dismiss at the close of a plaintiff's evidence for failure to establish a right to relief on the merits. 9 Wright & Miller <u>Fed. Practice & Proc.</u> § 2369 (3d ed. 2013).

Civil Rule 52(c)[11] provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can

_____

[10] Civil Rule 41(b) is applicable in bankruptcy adversary proceedings under Rule 7041.

[11] Civil Rule 52(c) is applicable in bankruptcy adversary proceedings under Rule 7052. By the time the bankruptcy court is evaluating the evidence of a plaintiff's prima facie case, the plaintiff is no longer entitled to the presumption that the allegations of the complaint are true as is the case under Civil Rule 12(c).

14

be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by [Civil] Rule 52(a).

The Law Firm correctly points out that Civil Rule 41(b) dismissals with prejudice are viewed with disfavor, because they serve to deny a plaintiff the right to a trial on the merits. However, that was not the result of the dismissal in the matter on appeal. The Law Firm had every opportunity to present its case against Mr. Reznikov. It simply failed to do so. The bankruptcy court carefully considered every document that had been filed or submitted and concluded that the Law Firm could not meet its burden of proof to establish a prima facie case. The Law Firm in fact conceded this point. To argue, as the Law Firm does in its Opening Brief, that "the trial court based its decision solely on a perceived inability to provide factual support for the allegations of the complaint and did not accept those allegations as true," committing reversible error under Civil Rule 12(c), reflects how completely the Law Firm fails to understand trial procedures and even the purpose of a trial. The problem for the Law firm is that the day of trial had arrived, and it had no proof with which to satisfy its burdens. In these circumstances, the bankruptcy court properly awarded judgment in favor of Mr. Reznikov, with prejudice, as it was authorized to do pursuant to Civil Rule 52(c) and Civil Rule 41(b). See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996).

15

## VI.  CONCLUSION

A plaintiff cannot appear for trial with no evidence and assert error when the bankruptcy court either dismisses its case with prejudice or awards judgment to the defendant.  The Law Firm had its "day in court" and squandered it.  We AFFIRM the Judgment of the bankruptcy court.

16