21-6462
Barrios Roblero v. Garland

BIA
A205 152 943

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

PRESENT:
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JESUS MANUEL BARRIOS ROBLERO,
> *Petitioner,*

v.                                                     21-6462
                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Samuel Iroegbu, Albany, NY.

FOR RESPONDENT:            Brian Boynton, Principal Deputy
                           Assistant Attorney General;
                           Jessica E. Burns, Senior
                           Litigation Counsel; Nelle M.

Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jesus Manuel Barrios Roblero, a native and citizen of Mexico, seeks review of a July 21, 2021 decision of the BIA denying his motion to reconsider. *In re Barrios Roblero*, No. A205 152 943 (B.I.A. July 21, 2021).

We review the BIA's denial of the motion to reconsider for abuse of discretion. *Jing Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). "The BIA abuses its discretion if it acts arbitrarily or capriciously, that is, when it provides no rational explanation, departs from established policies without explanation, or justifies its decision with only conclusory statements." *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007).

The BIA did not abuse its discretion by denying Barrios Roblero's motion to reconsider as untimely. A motion to reconsider "must be filed within 30 days of the date of entry

2

of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Barrios Roblero's April 2021 motion for reconsideration was untimely filed almost three years after the BIA's May 2018 decision affirming his removal order. We decline to address his arguments for equitable tolling because he did not raise them before the BIA. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2006) (explaining that our review is generally limited to issues raised before the BIA and "addressed in a reasoned BIA decision").

Additionally, we find no abuse of discretion in the BIA's alternative grounds for denying the motion. A motion to reconsider must do more than simply repeat arguments previously raised, as the BIA concluded Barrios Roblero did here. *See* 8 U.S.C. § 1229a(c)(6)(C) (providing that motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); *Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court