# United States Court of Appeals
## For the First Circuit

No. 16-1275

RACHEL C. WILLIAMS,
on behalf of herself and others similarly situated,

Plaintiff, Appellant,

v.

AMERICAN HONDA FINANCE CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]
[Hon. Jennifer C. Boal, U.S. Magistrate Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

John Roddy, with whom Elizabeth Ryan, Bailey & Glasser LLP, Steven R. Striffler, and Law Office of Steven R. Striffler were on brief, for appellant.
Stuart T. Rossman, National Consumer Law Center, and Jennifer P. Nelson on brief for National Consumer Law Center, amicus curiae in support of appellant.
Eric S. Mattson, with whom Daniel R. Thies, Sidley Austin LLP, Tracy M. Waugh, and Wilson Elser Moskowitz Edelman & Dicker, LLP were on brief, for appellee.

June 8, 2017

**Per Curiam**.     American   Honda   Finance   Corporation ("Honda")  loaned  Rachel  Williams  money  to  buy  a  car.   After Williams defaulted on the debt by failing to repay the loan as agreed, Honda repossessed the vehicle and sent Williams two notices in connection with its efforts to sell the car and collect any deficiency owed on the loan, a pre-sale notice and (after selling the car at auction) a post-sale notice.

Williams  thereupon  filed  this  putative  class  action, claiming  that  each  of  the  two  notices  violated  the  Uniform Commercial  Code  and  Massachusetts  consumer  protection  laws. Williams faults the pre-sale notice because instead of saying that the credit due to her in calculating the deficiency would be the "fair  market  value  of  the  car,"  the  notice  used  terms  such  as "money received from the sale (after paying our costs)," "auction proceeds,"  and  "proceeds  of  sale."   She also faults the post-sale notice  because  it  calculated  her  deficiency  obligation  by reference  to  the  auction  proceeds,  which  she  contends  do  not represent the fair market value of the car.

The outcome of this case hinges entirely on questions of Massachusetts law concerning which the Massachusetts courts have not spoken.  Therefore, even though the parties have not requested it,  we  certify  three  questions  to  the  Massachusetts  Supreme Judicial Court pursuant to Massachusetts Supreme Judicial Court Rule 1:03.  See Fortin v. Titcomb, 671 F.3d 63, 66 (1st Cir. 2012).

- 3 -

Some context for those questions, along with the questions themselves, follows.

**I.**

Honda financed Williams's purchase of a Honda Accord in 2007. Four years later, Williams defaulted on her loan. After repossessing the car, Honda sent Williams the first notice that is the subject of this appeal. It stated:

> We have [your vehicle] because you broke promises in our agreement, and we will sell it at a private sale sometime after October 11, 2011.
> The money received from the sale (after paying our costs) will reduce the amount you owe. If the auction proceeds are less than what you owe, you will still owe us the difference. If we receive more money than you owe, you will receive a refund, unless we must pay it to someone else. If you would like a written explanation on how the amount you owe was determined, or need additional information about the sale, please send your request to the address below.
> You can get the property back at any time before we sell it by paying the full payoff amount, including our expenses. As of today, the payoff amount is $13,366.78, which is subject to change due to the addition of applicable fees and/or finance charges.

After Williams failed to make the payoff, Honda retained an auction company to grade the vehicle's condition and the cost of repairing any damage. It then consulted the so-called "Black Book," a periodically published trade manual that provides estimated values for automobiles. Based on the vehicle's condition and the Black Book data, Honda set a floor price of $8700, below

- 4 -

which Honda would not accept an offer.  It then sold the car at an auction open only to licensed dealers, receiving $8900.

Honda then sent Williams the second notice that is the subject of this appeal.  It stated as follows:

> On October 27, 2011 [the 2007 Honda Accord] was sold at a Private Sale. . . .  The above referenced personal property was sold for $8,900.00.  The following is the balance on your contract:

| | | |
|---|---|---:|
| Principal amount: | = | **$12,546.06** |
| Accrued but unpaid Finance Charges for Simple Interest contracts only (through the date of sale) | + | 172.68 |
| Accrued Late Charges | + | 125.00 |
| Dishonored Payment Charges | + | 14.96 |
| Other: | + | 0.00 |
| **Subtotal:** | = | **$12,858.70** |

. . . .

| | | |
|---|---|---:|
| **Total Deductions:** | = | **$0.00** |
| Gross Balance owing prior to sale | = | $12,858.70 |
| Proceeds of Sale | = | **$8,900.00** |
| Gross Balance owing prior to sale <u>less</u> Proceeds of Sale (Balance after Sale) | = | $3,958.70 |
| Expenses from repossession, transporting and storage | – | 490.00 |
| Preparing for disposition | – | 0.00 |
| Title and Registration | – | 0.00 |
| Auction Fees | – | 264.62 |
| Legal Expenses | – | 0.00 |
| Other: | – | 0.00 |
| **Total Expenses:** | = | **$754.62** |
| Balance after Sale plus Allowable Expenses less credits **TOTAL AMOUNT DUE** | = | **$4,713.32** |
| **TOTAL SURPLUS AMOUNT** | = | **$0.00** |
| **TOTAL DEFICIENCY AMOUNT** | = | **$4,713.32** |

. . . .

> If a TOTAL DEFICIENCY AMOUNT is shown above, the TOTAL DEFICIENCY AMOUNT IS NOW DUE AND

OWING TO AMERICAN HONDA FINANCE CORPORATION. Please remit the amount shown above immediately to the address shown below.

Should you have any questions or need assistance, please contact us at [telephone number].

In filing this putative class action, Williams alleges that the two letters Honda sent to her (and the similar letters it sent to other consumers) render Honda liable under Massachusetts General Laws chapter 106 ("UCC"), sections 9-614(4) and 9-614(5) or section 9-611, and chapter 93A. To support this claim, she points to Massachusetts's Motor Vehicle Retail Installment Sales Act ("MVRISA"), Mass. Gen. Laws ch. 255B, § 20B, which the parties agree provides that the credit due a consumer debtor upon sale of a repossessed motor vehicle is the "fair market value" of the car, which is presumptively the car's "retail value" in a deficiency proceeding.

Resolving this claim requires that we reconcile the provision of a safe-harbor form of notice under UCC section 9-614 with MVRISA's mandate concerning the credit due upon sale of the car. To assist us in deciding this case, we therefore certify to the Massachusetts Supreme Judicial Court the following three questions:

> 1. Whether the "fair market value" of collateral under Massachusetts General Laws chapter 255B, section 20B, is the fair market <u>retail</u> value of that collateral?

2.  Whether, and in what circumstances, a pre-sale notice is "sufficient" under UCC section 9-614(4) and (5), and "reasonable" under UCC section 9-611(b), where the notice does not describe the consumer's deficiency liability as the difference between what the consumer owes and the "fair market value" of the collateral, and the transaction is governed by MVRISA?

3.  Whether, and in what circumstances, a post-sale deficiency explanation is "sufficient" under UCC section 9-616 where the deficiency is not calculated based on the "fair market value" of the collateral, and the transaction is governed by MVRISA?

The Clerk is directed to forward to the Massachusetts Supreme Judicial Court, under the official seal of this court, a copy of the certified questions and this opinion, along with copies of the briefs and appendices filed by the parties.  We retain jurisdiction over this issue pending resolution of these certified questions.