# United States Court of Appeals
## For the First Circuit

No. 16-1275

RACHEL C. WILLIAMS,
on behalf of herself and others similarly situated,

Plaintiff, Appellant,

v.

AMERICAN HONDA FINANCE CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

John Roddy, with whom Elizabeth Ryan, Bailey & Glasser LLP, Steven R. Striffler, and Law Office of Steven R. Striffler were on brief, for appellant.
Stuart T. Rossman, National Consumer Law Center, and Jennifer P. Nelson on brief for National Consumer Law Center, amicus curiae in support of appellant.
Eric S. Mattson, with whom Daniel R. Thies, Sidley Austin LLP, Tracy M. Waugh, and Wilson Elser Moskowitz Edelman & Dicker, LLP were on brief, for appellee.
Frederick S. Levin, John C. Redding, Ali M. Abugheida, and Buckley Sandler LLP, on brief for American Financial Services Association, amicus curiae in support of appellee.

October 24, 2018

**KAYATTA**, **Circuit Judge**.  Rachel Williams brought this putative class action, alleging that American Honda Finance Corporation ("Honda") violated Massachusetts consumer protection laws by affording her inadequate loan-deficiency notifications after she fell behind on her automobile-loan payments.  This appeal followed the district court's entry of summary judgment in favor of Honda.  Recognizing that Williams's claims hinge entirely on questions of Massachusetts law, we certified three questions to the Massachusetts Supreme Judicial Court.  After the Supreme Judicial Court issued an opinion responding to our questions, see Williams v. Am. Honda Fin. Corp., 98 N.E.3d 169 (Mass. 2018), the parties filed supplemental briefs addressing the ramifications of those answers.  For the reasons explained herein, we now reverse the district court's findings that Honda's notices were compliant with Massachusetts law, vacate its dismissal of Williams's claims under the Massachusetts UCC and chapter 93A, and otherwise affirm its judgment.

## I.  Background

The pertinent facts are set out in Williams v. Am. Honda Fin. Corp., 858 F.3d 700 (1st Cir. 2017).  In brief, Williams purchased a Honda Accord in 2007, which she partly financed through a retail-installment-sale contract with Honda.  After Williams failed to make her loan payments, Honda repossessed the automobile and sent her a post-repossession notice that advised her of Honda's

intent to sell the car at auction. The notice also described Williams's deficiency liability as follows: "The money received from the sale (after paying our costs) will reduce the amount you owe. If the auction proceeds are less than what you owe, you will still owe us the difference."

At auction, Honda fetched $8,900.00 for the automobile. Honda then sent Williams a second notice that apprised her of the sale and of her deficiency balance, calculated in accordance with the post-repossession notice by subtracting the price obtained at auction from her outstanding loan balance plus the additional costs associated with repossessing and selling the automobile.

Williams claims that Honda's notices violate provisions of the Massachusetts version of the Uniform Commercial Code ("UCC"), Mass. Gen. Laws ch. 106, §§ 9-614, 9-616, and the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A, § 2(A), by telling Williams that her deficiency liability would be calculated using the automobile's sale price obtained at auction (rather than its fair market value). The district court rejected this challenge to Honda's notices for two reasons. First, it noted that Honda's pre-sale notice "track[ed] the safe harbor language in section 9-614(3)," which uses auction-sale proceeds as the measure of a debtor's deficiency. Williams v. Am. Honda Fin. Corp., No. 14-CV-12859, 2014 WL 11090919, at *8 (D. Mass. July 3, 2014). Further, the court concluded that Williams had presented

- 4 -

"no evidence that the auction proceeds were less than the [automobile's] fair market value." Id. [1]

On appeal, Williams argues that summary judgment dismissing her challenges to Honda's notices was improper. She maintains that Massachusetts law requires a lender to give credit for the fair market value of the car -- determined using a car's estimated retail-market value -- when calculating deficiencies owed, and she therefore challenges the district court's conclusion that Honda's use of the auction-sale price in its deficiency notices was accurate and reasonable under the circumstances. Acknowledging that a resolution of Williams's claims would require this court to reconcile Massachusetts's Motor Vehicle Retail Installment Sales Act ("MVRISA"), Mass. Gen. Laws ch. 255B, § 20B, with provisions of the Massachusetts UCC, we certified the following three questions to the Massachusetts Supreme Judicial Court:

---

[1] Honda would seem to have us read the second of the two reasons the district court provided as sufficient, by itself, to find its pre- and post-sale notices to be compliant with sections 9-614 and 9-616. This makes no sense at all, nor does Honda explain how it might make sense; i.e., how deficient notices could be deemed compliant with the statutory-notice requirements merely because the auction sale netted a price that is in line with the collateral's fair market value. We therefore read the district court's holding as saying that the notices must both be facially compliant and the sale proceeds need be equal to fair market value. Whether it is correct that an otherwise compliant notice could be rendered noncompliant by a defective sale, we need not -- and do not -- decide because, as we will explain, it is now clear that the notices did not accord with sections 9-614 and 9-616.

1. Whether the "fair market value" of collateral under Massachusetts General Laws chapter 255B, section 20B, is the fair market retail value of that collateral?

2. Whether, and in what circumstances, a pre-sale notice is "sufficient" under UCC section 9-614(4) and (5), and "reasonable" under UCC section 9-611(b), where the notice does not describe the consumer's deficiency liability as the difference between what the consumer owes and the "fair market value" of the collateral, and the transaction is governed by MVRISA?

3. Whether, and in what circumstances, a post-sale deficiency explanation is "sufficient" under UCC section 9-616 where the deficiency is not calculated based on the "fair market value" of the collateral, and the transaction is governed by MVRISA?

Williams, 858 F.3d at 703.

In June, the Supreme Judicial Court issued an opinion that addressed our questions. Williams, 98 N.E.3d at 171. In brief, the Supreme Judicial Court answered the first question in the negative, concluding that "the Legislature did not dictate the creditor's market choice in the first instance." Id. at 179–80. Nevertheless, the court opined that, in disputed cases, a rebuttable presumption exists that the estimated retail-market value of the repossessed collateral is its fair market value in MVRISA-governed transactions. Id. at 174. As to the second and third questions, the Supreme Judicial Court concluded that notices provided under sections 9-614 and 9-616 "must describe the [debtor's] deficiency as the difference between the fair market value of the collateral and the debtor's outstanding balance."

Id. at 179.  Applying these answers, we now address the merits of Williams's appeal.

## II.  Analysis

### A.

We first address the district court's conclusion that Williams failed to offer any evidence to show that Honda sold her vehicle for less than fair market value in violation of MVRISA § 20B.  See Williams, 2014 WL 11090919, at *7.  In so ruling, the district court rejected as unauthenticated the only evidence Williams offered to prove fair market value, retail or otherwise. Id.  We review evidentiary decisions at the summary judgment stage for abuse of discretion.  See Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 13 (1st Cir. 2006) ("[T]he Court should review the district court's evidentiary rulings made as part of its decision on summary judgment for abuse of discretion." (citing Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 31 (1st Cir. 2004))).

We see no reason to upset the district court's conclusion concerning the adequacy of Williams's proof.  On appeal, Williams offers no argument at all that the court abused its discretion in finding that Williams did not authenticate the sole exhibit -- a National Automobile Dealers Association values printout -- that she offered to support her claim that Honda sold her vehicle for less than fair market value.  Her challenge to the court's ruling

that Honda sold the car for fair market value is therefore waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[2]

**B.**

We turn now to the main issue in this case: Williams's challenge to the district court's determination that the post-repossession and post-sale notices Honda sent to Williams complied with the requirements of Massachusetts law.  See Williams, 2014 WL 11090919, at *8.

The Massachusetts Supreme Judicial Court has now opined that the post-repossession and post-sale notices of the type Honda sent to Williams must "expressly describe the deficiency as the difference between the amount owed on the loan and the fair market value of the vehicle."  Williams, 98 N.E.3d at 171; see also id. at 179 ("The notice . . . must describe the deficiency as the

---

[2] Williams does briefly contend on appeal that other evidence in the record filled the gap in proof that the exclusion of her exhibit created.  She never made this argument below, so we deem it forfeited.  See Davila v. Corporación de Puerto Rico para la Difusión Pública, 498 F.3d 9, 14 (1st Cir. 2007) (deeming forfeited an argument not raised before the district court).  And with Williams having made no attempt on appeal to explain how she satisfies the demanding plain-error test, "[w]e are under no obligation to do [her] work for [her]." United States v. Morosco, 822 F.3d 1, 22 (1st Cir. 2016), cert. denied, 137 S. Ct. 251 (2016).

difference between the fair market value of the collateral and the debtor's outstanding balance.").

Honda's notices to Williams, which describe Williams's deficiency as the difference between "the amount you owe" and "[t]he money received from the sale," plainly do not provide this necessary express description, and therefore do not comply with the requirements of Mass. Gen. Laws ch. 106, §§ 9-614, 9-616.

Honda argues that, under the facts presented here, "fair market value" is no different than the auction price and, thus, its notices, which parrot the so-called safe-harbor language in Mass. Gen. Laws ch. 106, § 9-614(3), "conveyed the 'fair market value' concept." The Supreme Judicial Court, however, has now made it clear that a creditor's use of the UCC safe-harbor language in deficiency notifications is inadequate under Massachusetts law. See Williams, 98 N.E.3d at 179.

In the wake of the Supreme Judicial Court's opinion, Honda argues for the first time that applying the Supreme Judicial Court's interpretation of Mass. Gen. Laws ch. 106, §§ 9-614, 9-616 to notices sent before the court announced its decision would violate its "constitutional right to due process." But Williams's challenge to Honda's notices -- and the prospect that a court might read the ambiguous statutory requirements adversely to Honda just as the Supreme Judicial Court did -- has been pending since 2014. Yet, in neither the district court nor in this court nor before

- 9 -

the Supreme Judicial Court did Honda raise this due process argument. Accordingly, the argument is three-times waived to the extent Honda would rely on it to establish that its notices were compliant. See Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 25 (1st Cir. 2018) (finding an argument waived when a party failed to raise it in their opening brief); Nat'l Ass'n of Soc. Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995) ("Ordinarily, an appellant who has not proffered a particular claim or defense in the district court 'may not unveil it in the court of appeals.'" (quoting United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992))).

Given the above, entry of summary judgment on Williams's UCC notice and chapter 93A claims was improper. Whether and to what extent Honda acted in good faith and whether and to what extent good faith provides any defense or mitigation in connection with any claims or remedies, we leave to the district court to determine on remand.

## III.

For the foregoing reasons, we reverse the district court's findings that Honda's notices were compliant with Massachusetts law, we vacate its dismissal of Williams's claims under chapter 93A and Massachusetts' version of the UCC, challenging the adequacy of Honda's notices, and we otherwise affirm its judgment. Costs are awarded to Williams.

- 10 -